IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO. 4:15-cr-00266 |
| | § | |
| KYE RUE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT**

This matter was referred by United States District Judge Lee H. Rosenthal, for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry No. 76). Defendant Kye Rue ["Rue"] was indicted on one count of conspiracy to interfere with interstate commerce, by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); three substantive counts of Hobbs Act violations; and three counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Indictment, Docket Entry No. 44). Before the court is Defendant's Motion to Dismiss the Indictment, for lack of jurisdiction, under Federal Rule of Criminal Procedure 12(b). (Motion to Dismiss Indictment ["Motion"], Docket Entry No. 62). The Government has filed a response in opposition to that motion. (Government's Response to Defendant's Motion to Dismiss Indictment ["Response"], Docket Entry No. 80). For the following reasons, it is RECOMMENDED that Defendant's motion be DENIED.

**I. Background**

This case arises out of a series of armed robberies, which were committed in January 2015, at businesses in Harris County, Texas. According to the Indictment, on January 9, 2015,

Rue and three other individuals entered the Cash America Pawn shop in Humble, Texas, and "robbed the business at gunpoint, stealing $2,445[.00] in currency." (Resp. 1; *see* Indictment 3-4). Five days later, on January 14, 2015, Rue and his alleged accomplices reportedly entered the Jet Pawn shop in Spring, Texas, brandished firearms, and demanded and received $2,687.00 in cash, nineteen "jewelry envelopes," and twenty-five firearms from the clerk on duty. (Resp. 1-2; *see* Indictment 5). Finally, the Government alleges that, on January 29, 2015, Rue and his accomplices attempted to rob, at gunpoint, the Mad Dog Smoke Shop in Humble, Texas. (Resp. 2; *see* Indictment 6-7). A store employee reportedly "foiled" the robbery, by firing a gun at the intruders. (Resp. 2).

On May 20, 2015, a federal grand jury in the Southern District of Texas returned a seven-count indictment against Rue, and five co-defendants.[1] (Indictment 1-8). The Indictment charges this defendant with one count of conspiracy to interfere with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); three counts of aiding and abetting others in robbing or attempting to rob Cash America Pawn, Jet Pawn, and Mad Dog Smoke Shop, in violation of the Hobbs Act; and three counts of using firearms in connection with those robberies, in violation of 18 U.S.C. § 924(c). (*Id.*).

On June 28, 2015, Rue filed this Motion to Dismiss the Indictment, on the grounds that the robberies alleged do not have a sufficient impact on interstate commerce to satisfy the jurisdictional element of the Hobbs Act. (Mot. 5). Defendant argues, in the alternative, that the Hobbs Act is an unconstitutional exercise of Congress's authority under the Commerce Clause of the United States Constitution. (*Id.*).

---

1. The other defendants named in the Indictment are Alonzo Flowers; Jerrieus Williams, aka Jerrius Williams; Andra Coleman, aka Andre Coleman; and Paul McCoy, Jr. (*See* Indictment).

**II. Standard of Review**

Federal Rule of Criminal Procedure 12(b) permits a defendant to contest a court's jurisdiction in a pre-trial motion to dismiss the charging instrument. *See* Fed. R. Crim. P. 12(b)(2), (b)(3)(B). In evaluating a motion to dismiss under Rule 12(b), a court must accept, as true, all factual allegations contained in the indictment. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). It must be emphasized, however, that "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)); *see United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."). But a court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Flores*, 404 F.3d 320, 324 n. 6 (5th Cir. 2005) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)).

In the Fifth Circuit, "[a]n indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of future prosecutions for the same offense." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001), *reh'g denied*, 31 F. App'x 837 (5th Cir. 2002)). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986) (citing *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984)). "[I]t is generally sufficient

that an indictment set forth the offense in the words of the statute itself as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *Id.* (citing *United States v. Stanley*, 765 F.2d 1224, 1239-40 (5th Cir. 1985); *United States v. Cauble*, 706 F.2d 1322, 1351 (5th Cir. 1983); *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)).

**III. Analysis**

*A. Facial Challenge*

In his Motion, Rue first makes a facial challenge to the constitutionality of the Hobbs Act, arguing that the "criminaliz[ation] [of] ordinary store robberies" exceeds the limits of Congress's authority under the Commerce Clause. (Mot. 14-15, 17-18). In support of that contention, he relies on *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598, 608, 617-18 (2000).[2] (Mot. 14-15, 17-18).

The United States Constitution grants to Congress the authority to "regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. For much of the twentieth century, "the scales of the federal courts' Commerce Clause jurisprudence tipped more towards according to Congress considerably greater latitude in regulating conduct[,] including federal criminal statutes[,] rather than to maintaining a distinction between what is truly national and what is truly local." *United States v. Bredimus*, 352 F.3d 200, 204-05 (5th Cir. 2003) (quoting *United States v. Morrison*, 529 U.S. 598, 608, 617-18 (2000); *Lopez*, 514 U.S. at 567-68) (internal citations and quotations marks omitted). However, with the decisions in *Lopez* and *Morrison*, the United States Supreme Court ushered in a "new era" of interstate Commerce Clause jurisprudence. *Id.* Those cases, and their progeny, have determined

---

2. While Rue concedes that his argument is foreclosed by Fifth Circuit precedent, he hopes to preserve the issue for appellate review. (Mot. 6, 18).

4

the "outer limits" of Congress's power to enact legislation, and they provide the framework for any analysis of interstate Commerce Clause questions. *Id.* (citing *Lopez*, 514 U.S. at 556-67); *see also United States v. Ho*, 311 F.3d 589, 596 (5th Cir. 2002).

In *Lopez*, the United States Supreme Court struck down the Gun-Free School Zones Act of 1990, § 922(q)(2)(a), which made it a federal crime to possess a gun within 1,000 feet of a school. *Lopez*, 514 U.S. at 565-68. In reaching its decision, the Court outlined three broad categories of activity that Congress may regulate under its interstate commerce power: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) "activities having a substantial relation to interstate commerce, *i.e.*, activities that 'substantially affect' interstate commerce." *Id.* at 558-59. Ultimately, the Court determined that the Gun-Free School Zones Act exceeded Congressional authority, because it did not regulate channels or instrumentalities of interstate commerce, and because the regulated activity at issue, possession of a firearm, did not have a substantial effect on interstate commerce. *Id.* at 559, 561-65. The Court also emphasized that § 922 did not contain a "jurisdictional element," which would have "ensure[d], through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." *Id.* at 561.

In *Morrison*, the Court addressed the limits of Congressional power in enacting the Violence Against Women Act, which created a federal civil remedy to victims of gender violence. *Morrison*, 529 U.S. at 601-02. Section 13981, subsection (c) of that Act provided that:

> A person . . . who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and other relief as a court may deem appropriate.

42 U.S.C. § 13981(c) (1994). The Court held that § 13981(c) violated the Commerce Clause, because, like the Gun-Free School Zones Act in *Lopez*, it neither regulated the channels or instrumentalities of interstate commerce, nor proscribed activity that had a "substantial effect" on interstate commerce. *Morrison*, 529 U.S. at 626-27. Again, the Court emphasized that the statute at issue had no "jurisdictional element." *Id.* at 613.

Here, Rue argues that, similarly to the statutes addressed in *Lopez* and *Morrison*, the Hobbs Act is unconstitutional, on its face, because it regulates "plain, vanilla robberies of stores," which have "no significant effect on interstate or foreign commerce." (Mot. 8). The Fifth Circuit, however, has rejected that argument, explicitly, in *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997). In *Robinson*, the defendant brought a facial challenge to the Hobbs Act, arguing that it does not fit within any of the three categories of permissible regulation outlined in *Lopez*. *Robinson*, 119 F.3d at 1213. The court found that argument to be "utterly misguided," however, because it "relie[d] on the unsupported assumption that the Hobbs Act can be applied constitutionally, if at all, solely under the third [category] of the commerce power." *Id.* Proceeding instead to analyze the Hobbs Act under the first two *Lopez* categories, the court held that the statute can be applied constitutionally "in various factual settings." *Id.* The court determined, for example, that a Hobbs Act prosecution for hijacking a truck on an interstate highway could be upheld, as either a regulation of the channels of interstate commerce, or as a regulation of the instrumentalities of interstate commerce. *Id.* In addition, the court underscored that, in contrast to the statutes that were struck down in *Lopez* and *Morrison*, the Hobbs Act includes an express jurisdictional element. *Id.* at 1212-13. For those reasons, the *Robinson* defendant's facial challenge was rejected. *Id.* at 1213-14.

Subsequent to the *Robinson* decision, the Fifth Circuit has repeatedly upheld the facial validity of the Hobbs Act. *See, e.g., United States v. Jennings*, 195 F.3d 795, 800 (5th Cir. 1999), *cert. denied*, 530 U.S. 1245 (2000); *United States v. Hebert*, 131 F.3d 514, 521 (5th Cir. 1997); *United States v. Miles*, 122 F.3d 235, 241 (5th Cir. 1997); *see also United States v. Martinez*, --- F. App'x ----, 2015 WL 3528319, at *1 n. 1 (5th Cir. 2015). Because *Robinson*, and those cases that follow, are binding on this court, Defendant's facial challenge to the constitutionality of the Hobbs Act should be denied.

B. *"As Applied" Challenge*

Rue also contends that the Hobbs Act is unconstitutional, as applied to him, in this instance. He argues, in particular, that the factual allegations in the Indictment are insufficient to satisfy the jurisdictional element of the Hobbs Act, because the statute "does not extend to what essentially are plain vanilla aggravated robberies under Texas law." (Mot. 5).

The Hobbs Act punishes "[w]ho[m]ever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion." 18 U.S.C. § 1951(a). The term "commerce," as defined by the statute, means "all commerce between any point in a State . . . and any point outsider thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3). The definition of "commerce" in the statute is co-extensive with constitutional limits. *United States v. Villafranca*, 260 F.3d 374, 377 n. 4 (5th Cir. 2001) (citing *United States v. Collins*, 40 F.3d 95, 100 (5th Cir. 1994)).

The two essential elements of a Hobbs Act violation are: "(1) a robbery, act of extortion, or an attempt or conspiracy to rob or extort; and (2) an interference with interstate commerce." *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997) (citing *Stirone v. United States*,

7

361 U.S. 212, 218 (1960)). To establish the interstate commerce element of a Hobbs Act violation, the Government need only show that a defendant's conduct, as alleged, had a *de minimis* effect on interstate commerce. *United States v. Jennings*, 195 F.3d 795, 800 (5th Cir. 1999) (quoting *United States v. Miles*, 122 F.3d 235, 241 (5th Cir. 1997)); *see United States v. Herrera*, 466 F. App'x 409, 418 (5th Cir. 2012) ("Our caselaw provides that illegal activity need only 'slightly' affect interstate commerce to fall under the purview of the Hobbs Act[.]"); *United States v. Martinez*, 28 F.3d 444, 445 (5th Cir. 1994) ("The impact on interstate commerce need not be substantial to satisfy the statutory requirement of the Hobbs Act. If the defendant's conduct impacts the flow of interstate products, an effect on interstate commerce occurs.") (internal citations omitted).

Here, the Indictment alleges that Rue robbed two pawn shops, Jet Pawn and Cash America Pawn, and that he attempted to rob a specialty tobacco store, Mad Dog Smoke Shop. (Indictment 3-7; Resp. 1-2). The Government claims that, during these crimes, Rue obtained cash, jewelry, and firearms. (Indictment 3-5). The Government alleges that, through these acts, Defendant "obstruct[ed], delay[ed], and affect[ed] interstate commerce and the movement of articles and commodities in commerce by means of robbery[.]" (*Id.* at 3, 5-7). Jet Pawn is said to be a Federal Firearms Licensee that is "engaged in the business of the sale of consumer goods and firearms, which travel in interstate commerce and which affect interstate commerce[;]" Cash America Pawn is said to be "engaged in the business of the sale of electronics and consumer goods, which travel in interstate commerce and which affect interstate commerce[;]" and Mad Dog Smoke Shop is said to be "engaged in the business of the sale of consumer goods, which travel in interstate commerce and which affect interstate commerce." (*Id.* at 1-2). At this stage of the proceedings, those allegations are sufficient to satisfy the jurisdictional element of the

Hobbs Act. *See United States v. Dorsey*, No. CR 14-328-CAS, 2015 WL 847395, at *2 (C.D. Cal. Feb. 23, 2015) (finding that a Hobbs Act indictment was sufficient, because it alleged that the defendants took money from a Papa John's pizza restaurant, three gas stations and a Citibank branch; that the defendants' actions "obstructed, delayed, and affected commerce . . . by robbery;" that Citibank is a "national banking chain that operates in interstate commerce;" and that the inventories of Papa John's and the three gas stations "traveled in interstate commerce"); *United States v. Phongsavath*, No. 14-CR-64, 2015 WL 541575, at *2-3 (E.D. Wis. Feb. 9, 2015) (finding that the allegations in a Hobbs Act indictment were sufficient to establish jurisdiction over the defendants' conduct, because "each count charge[d] the defendants with committing . . . a robbery, and each count charge[d] the defendants with obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce"); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (indictment that set out elements of Hobbs Act was sufficient, even though it "contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact").

Nevertheless, Rue argues that the Government cannot prove the jurisdictional element, with respect to the alleged robberies of the two pawn shops, because pawn shop transactions do not "typically" involve the movement of goods in interstate commerce. (Mot. 15-16). But Defendant cites no authority, nor has the court found any authority, for that contention.[3] In fact, other courts have consistently found that pawn shop robberies do come within the purview of the Hobbs Act. *See, e.g., United States v. Stevens*, 539 F. App'x 192, 194 (4th Cir. 2013) (holding that the attempted robbery of a local pawn shop had the requisite minimal effect on interstate

---

3. In making his "as applied" challenge, Defendant relies heavily on the dissenting opinions in two Fifth Circuit decisions, *United States v. McFarland*, 311 F.3d 376 (5th Cir. 2002), and *United States v. Hickman*, 179 F.3d 230 (5th Cir. 1999). (*See* Mot. 2-6, 13-14). However, the controlling, *en banc* opinions in both of those cases expressly upheld the defendants' Hobbs Act convictions for robberies of local stores. *McFarland*, 311 F.3d at 376; *Hickman*, 179 F.3d at 230.

9

commerce to fall within the scope of the Hobbs Act); *United States v. Green*, 251 F. App'x 189, 191 (4th Cir. 2007) (finding that the attempted robbery of a pawn shop satisfied the jurisdictional element of the Hobbs Act, because the shop owner testified that he purchased supplies from out-of-state suppliers; that he sold pawned items to out-of-state entities; and that between thirty and forty percent of his customers came from across state lines); *United States v. Jones*, No. CR 411-001, 2011 WL 3273484, at *1-2 (S.D. Ga. May 2, 2011) (finding that an indictment sufficiently alleged that a local pawn shop was engaged in interstate commerce).

In this case, the Indictment sufficiently alleges a nexus between Rue's alleged criminal conduct and interstate commerce. For that reason, Defendant's "as applied" challenge to the Hobbs Act must fail. Because the Hobbs Act is a constitutional exercise of Congress's power under the Commerce Clause, both on its face and as applied to the facts here, Defendant's Motion to Dismiss the Indictment for lack of jurisdiction should be denied.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss the Indictment be **DENIED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 29th day of July, 2015.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**